AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

_____Northern_____ District of _____Illinois_____

UNITED STATES OF AMERICA
V.
Ahmet Rusid

**JUDGMENT IN A CRIMINAL CASE**

Case Number:  07 CR 815 - 7

USM Number:  19988-424

Nishay K. Sanan
Defendant's Attorney

**THE DEFENDANT:**

x  pleaded guilty to count(s)  7s

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§1341 | Mail Fraud | 7/15/2005 | 7s |

The defendant is sentenced as provided in pages 2 through __9__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

x  Count(s)  1, 1s, 6-7, 6s    ☐ is   x are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 3, 2008
Date of Imposition of Judgment

_/s/ Rebecca R. Pallmeyer_
Signature of Judge

Rebecca R. Pallmeyer, U. S. District Judge
Name and Title of Judge

July 1, 2008
Date

U.S. DISTRICT COURT
2008 JUN 25 AM 11:07
FILED

DEFENDANT: RUSID, Ahmet
CASE NUMBER: 07 CR 815-7

# PROBATION

The defendant is hereby sentenced to probation for a term of:
Three (3) Years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RUSID, Ahmet
CASE NUMBER: 07 CR 815-7

# ADDITIONAL PROBATION TERMS

The First Six (6) Months are to be to be served in community confinement, followed by Six (6) Months of home confinement without electronic monitoring.

The defendant shall submit one drug test within 15 days of release from imprisonment and random drug tests conducted by the U.S. Probation Office, not to exceed 104 tests per year.

The defendant shall provide the probation officer with access to any requested financial information.

The defendant shall perform 300 hours of community service as directed by the probation officer after community confinement and home confinement is complete.

The defendant shall pay any financial penalty that is imposed by this judgment at a rate of 10% of his net monthly income.

Defendant shall be able to travel out of State for work purposes by providing itinerary to the probation officer.

Judgment — Page __4__ of __9__

DEFENDANT: RUSID, Ahmet
CASE NUMBER: 07CR 815-7

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 5,00 | $ 30,000 (Has been paid) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ 0 | $ 0 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for the　☐ fine　☐ restitution.

　　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __5__ of __9__

DEFENDANT:        RUSID, Ahmed
CASE NUMBER:      07 CR 815-7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  x  Lump sum payment of $ __100__ due immediately, balance due

    ☐ not later than _____ , or
    x  in accordance    x  C,    ☐ D,    ☐ E, or    ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**  x  Payment in equal __monthly__ (e.g., weekly, monthly, quarterly) installments of $ __10% net income__ over a period of __3 Years__ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

x  The defendant shall forfeit the defendant's interest in the following property to the United States:
    See Attached Order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 CR 815 - 7 | **DATE** | 6/3/2008 |
| **CASE TITLE** | USA vs. Ahmet Rusid | | |

**DOCKET ENTRY TEXT**

Motion of the United States for entry of a Preliminary Order of Forfeiture [97] granted. IT IS HEREBY ORDERED: That, pursuant to the provisions of 18 U.S.C. § 981(a)912)(C), 28 U.S.C. § 2461(c), and Fe R. Crim P. 32.2, all right, title, and interest defendant Ahmet Rusid may have in funds in the amount of $30,000 is hereby forfeit to the United States of America for disposition according to law. The court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order. Enter Preliminary Order Of Forfeiture.

■ [ For further detail see separate order(s).]

Docketing to mail notices.

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 07 CR 815-6 |
| | ) | |
| AHMET RUSID | ) | Judge Rebecca Pallmeyer |

### PRELIMINARY ORDER OF FORFEITURE

This cause comes before the Court on motion of the United States for entry of a preliminary order of forfeiture as to specific property pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United State Code, Section 2461(c) and the Court being fully informed hereby finds as follows:

(a) On December 7, 2007, a superseding information was filed charging defendant AHMET RUSID, and others, with mail fraud offenses pursuant to the provisions of 18 U.S.C. § 1341, among other violations;

(b) The superseding information sought forfeiture to the United States of specific property pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

(c) On February 15, 2008, pursuant to Fed R. Crim. P. 11, defendant AHMET RUSID entered a voluntary plea of guilty to Count Seven of the superseding information, thereby making certain property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

(d) Pursuant to the terms of his plea agreement, as a result of his violations of 18 U.S.C. § 1341, defendant AHMET RUSID agreed that funds in the amount of $30,000, together with any jointly liable co-defendants, are subject to forfeiture because those funds constitute proceeds of the mail fraud violations charged in Count Seven of the superseding information;

(e) As a result of his violations of 18 U.S.C. § 1341, defendant AHMET RUSID agreed to the entry of a forfeiture judgment in the amount of $30,000. Defendant AHMET RUSID further agreed to the entry of a preliminary order of forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, relinquishing any right of ownership he has in funds in the amount of $30,000;

(f) Furthermore, defendant AHMET RUSID and co-defendant Murteza Gazaferi, as jointly liable co-defendants, each tendered cashiers checks to the United States in the amount of $15,000 in full satisfaction of the forfeiture judgment;

(g) Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2, and to the terms of defendant AHMET RUSID's plea agreement, the United States seeks forfeiture of all right, title, and interest that defendant AHMET RUSID may have in funds in the amount of $30,000, so that the funds may be disposed of according to law;

(h) Pursuant to Title 21, United States Code, Section 853(i)(1), as incorporated by 28 U.S.C. § 2461(c), the Attorney General is authorized to:

> grant petitions for mitigation or remission of forfeiture, *restore forfeited property to victims of a violation of this subchapter*, or take any other action to protect the rights of innocent persons which is in the interest of justice and which is not inconsistent with the provisions of this section [emphasis added].

(i) Accordingly, upon entry of a final order of forfeiture, matters relating to restitution will be submitted to the Attorney General for consideration. The government shall request that funds in the amount of $30,000 paid in satisfaction of the forfeiture judgment be

2

restored to the victim as identified in any restitution judgment entered by the Court.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed R. Crim P. 32.2 all right, title, and interest defendant AHMET RUSID may have in funds in the amount of $30,000 is hereby forfeit to the United States of America for disposition according to law;

2. That, pursuant to the provisions of 21 U.S.C. § 853(g), as incorporated by 28 U.S.C. § 2461(c), upon entry of this preliminary order of forfeiture, the United States Marshals Service shall seize and take custody of funds in the amount of $30,000 tendered by defendant AHMET RUSID and co-defendant Murteza Gazaferi, for disposition as the Attorney General may direct;

3. That, pursuant to the provisions of 21 U.S.C. § 853(n)(1), as incorporated by as incorporated by 28 U.S.C. § 2461(c), upon entry of a preliminary order of forfeiture, the United States shall publish notice of the order and of its intent to dispose of the property according to law. The government may also, pursuant to statute, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture. The government is unaware of anyone at this time who qualifies for such notice;

4. That, pursuant to the provisions of 21 U.S.C. § 853(n)(2), as incorporated by as incorporated by 28 U.S.C. § 2461(c), any person, other than the defendant, asserting a legal claim in the property which has been ordered forfeit to the United States may, within thirty days of the final publication of notice or this receipt of notice under paragraph three (3), whichever is earlier,

petition this Court for a hearing to adjudicate the validity of this alleged interest in the property. The hearing shall be held before the Court alone, without a jury;

5. That, following the Court's disposition of all third parties interests, the Court shall, if appropriate, enter a final order of forfeiture, as to the property which is the subject of the preliminary order of forfeiture, which shall vest clear title in the United States of America;

6. That, the terms and conditions of this preliminary order of forfeiture are part of the sentence imposed against defendant AHMET RUSID and shall be made part of any judgment and commitment order entered in this case against him;

7. This court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this forfeiture order.

REBECCA PALLMEYER
United States District Judge

DATED: June 3, 2008